UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BEVAN FRESHWATER**
      **Plaintiff,**

v.                Case No.  6:05-cv-756-ORL-19-DAB

**BEVERLY A. SHIVER d/b/a INNOVATIVE FLORAL & DECOR CENTER and PAUL SHIVER**

      **Defendants.**
_____

# ORDER

  This case comes before the Court on the Motion to Dismiss or Alternatively for a More Definite Statement filed by Defendants Beverly A. Shiver and Paul Shiver. (Doc. No. 7, filed June 7, 2005).

## Background

  Plaintiff Bevan Freshwater has filed a Complaint against Defendants Beverly A. Shiver and Paul Shiver pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (Doc. No. 1, filed May 19, 2005).  The Complaint alleges that Plaintiff Bevan Freshwater was employed as a driver by the Innovative Floral & Decor Center from May 1992 to April 2005, an entity owned at all material times by Defendants.  (*Id*. at ¶ 4, 8).  Plaintiff further alleges that Beverly Shiver, d/b/a Innovative Floral & Decor Center, was an employer who at all times operated a business engaged in commerce or in the production of goods for commerce as defined by the Fair Labor Standards Act. (*Id*. at ¶¶ 5-7).  Plaintiff contends that during the course of his employment, Defendants repeatedly and willfully violated the

Fair Labor Standards Act by employing Plaintiff for workweeks greater than forty (40) hours in length, and subsequently failing to compensate Plaintiff at a rate of at least one and one-half times his regular hourly pay. (*Id.* at ¶ 11).

On June 7, 2005, Defendants moved to (1) dismiss the complaint due to failure to state a cause of action, or (2) alternatively, for a more definite statement as the Complaint is allegedly so vague and ambiguous that Defendants cannot properly respond or determine if other defenses exist. (Doc. 7 at ¶¶ 5-6). This Order analyzes Defendants' Motion to Dismiss and Motion for More Definite Statement.

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits thereto. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendants also move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 7 at ¶ 5-6). Courts disfavor motions for more definite statement in light of the liberal pleading and discovery requirements of the Federal Rules. *See, e.g., Bazal v. Belford Trucking Co.*, 442 F.Supp. 1089, 1101 (S.D. Fla. 1977).

The Court should not grant a Rule 12(e) motion unless the pleading in question is "so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

Although copies of this motion were mailed to Plaintiff's counsel on June 7, 2005, Plaintiff has not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose such a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01(b); (Doc. No. 14, filed on July 28, 2005, Sec. II-E) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed").

**Analysis**

**Motion to Dismiss**

In order to state a claim to recover overtime compensation under the Fair Labor Standards Act ("FLSA"), a complaint must specifically state (1) the identity of the employer and employee in a clear manner; (2) that a contractual relationship of employee and employer existed between the parties; and (3) the failure of the employer to perform his duty to the employee to carry out the obligations imposed upon him or her by the statute. *See* 29 U.S.C. § 201 *et seq.*; *Maddox v. Jones*, 42 F.Supp. 35, 39 (N.D. Ala. 1941). In a FLSA action against joint defendants, a complaint must also state facts sufficient to establish a joint obligation to the plaintiff on the part of all of the defendants arising from the employment relationship. *Maddox*, 42 F.Supp. at 39.

The Defendants put forth multiple reasons why Plaintiff's FLSA claim fails to state a cause of action. First, the Defendants argue that Plaintiff's Complaint fails to clearly state which of the defendants was her employer, arguing that some paragraphs of the Complaint state Beverly A. Shiver did business as Innovative Floral & Decor Center, and others state that both Beverly and Paul Shiver are owners and officers. (Doc. 7 at ¶ 1). This argument fails because under the Federal Rules of Civil Procedure, "when multiple defendants are named in a complaint, the allegations can and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). Plaintiff has met his burden of "stating facts sufficient to establish a joint obligation" to him by alleging that both Paul and Beverly Shiver were at all times material to his suit: (a) the owners and/or officers of the company, (b) substantially in control of the terms of Plaintiff's employment, (c) both considered statutory employers under 29 U.S.C. § 203, and (d) acting directly or indirectly in the interest of the company in willfully failing to pay him overtime compensation. (Doc. 1 at ¶¶ 8-9, 10).

Secondly, Defendants suggest that the Complaint is insufficient because it does not provide the dates upon which Plaintiff was allegedly denied overtime compensation, and thus may state a claim that is time-barred. (Doc. 7 at 3-4). This claim also must fail because requiring Plaintiff to provide the particular days upon which overtime compensation was not paid "runs counter to the liberal standards of notice pleading" set out by the federal rules. *Morrow v. Green Tree Servicing, L.L.C.*, 360 F.Supp. 1246, 1249-50 (M.D. Ala. 2005), *see also Donovan v. Hotel Pharmacy, Inc.*, No. 82-428-Civ., 1982 U.S. Dist. LEXIS, at *1 (S.D. Fla., May 28, 1982) ("The complaint states that 'since July 21, 1978, Defendants repeatedly

and willfully violated the provisions of' the Fair Labor Standards Act. This allegation sufficiently states the time of the offense."). In the instant case, Plaintiff's Complaint sufficiently states a claim under the FLSA for overtime compensation. Plaintiff states that he was employed by Defendants from 1992 until 2005 and that during his employment Defendants repeatedly and willfully failed to pay him overtime compensation despite the fact that he worked numerous weeks in excess of forty hours. (Doc. 1 at ¶¶ 4, 11). This is adequate to put the Defendants on notice of the grounds upon which Plaintiff's complaint rests.

For these reasons, the Motion to Dismiss Plaintiff's Complaint is hereby denied.

## Motion for More Definite Statement

Defendants also move for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, arguing that the Complaint is so vague and ambiguous that it is unfair to ask Defendants to respond. (Doc. 7 at ¶ 5-6). Plaintiff's Complaint, however, is sufficiently specific to place Defendants on notice of both the official and individual capacity claims and, in naming both individuals and the company as defendants, fits comfortably within the bounds of alternative pleading permitted by the Federal Rules. *See* Fed. R. Civ. P. 8(e)(2). The claim that the applicable statute of limitations may have expired may be pled as an affirmative defense, but is insufficient to justify granting a Rule 12(e) motion. *See Donovan*, 1982 U.S. Dist. LEXIS at *1. The Complaint is not so vague and ambiguous so as to deprive Defendants of fair notice of the nature and basis of Plaintiff's claim.

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss and Motion for More Definite Statement is **DENIED**. Defendants shall answer the complaint within ten (10) days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August _29th_____ 2005.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Counsel of Record